**Jonathan BERHANU, Plaintiff–Appellant,**

v.

**NEW YORK STATE INSURANCE FUND, New York State Department of Taxation and Finance, Defendants–Appellees.**

**Docket No. 99–9436.**

United States Court of Appeals, Second Circuit.

June 18, 2001.

Jonathan Berhanu, Brooklyn, NY, pro se. Jacob H. Weintraub, The State Insurance Fund, New York, NY; James P. O'Connor, on the brief for New York State Insurance Fund Richard C. Rubinstein, Assistant Attorney General of the State of New York; Michael S. Belohavek, Deputy Solicitor General, Marion R. Buchbinder, Assistant Solicitor General, Eliot Sptizer, Attorney General, on the brief for New

York State Department of Taxation and Finance.

Present CARDAMONE and PARKER, Circuit Judges, and SPATT, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is AFFIRMED.

Jonathan Berhanu, *pro se* and *in forma pauperis,* appeals from the judgment of the United States District Court for the Southern District of New York (Jones, *J.*), entered on January 4, 2000, granting defendants' motions for summary judgment. Berhanu brought claims against defendants, two former employers, for employment discrimination, alleging retaliatory failure to hire, retaliatory dismissal, conspiracy to deprive plaintiff of his civil rights, invasion of privacy, misappropriation of likeness for commercial purposes, denial of equal protection of the laws, and deprivation of liberty or property without due process of law.

Berhanu was hired as a tax auditor trainee, and subsequently fired during his probationary period, by three New York state agencies. While employed by defendant-agencies, he received poor performance reviews and his employment was therefore terminated.

This Court reviews a district court's grant of summary judgment *de novo. Graham v. Long Island R.R.,* 230 F.3d 34, 37 (2d Cir.2000). Summary judgment is appropriate only where the parties' submissions show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law. Fed.R.Civ.P. 56. "[I]n ruling on a motion for summary judgment, a court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant." *Belfi v. Prendergast,* 191 F.3d 129, 135 (2d Cir.1999).

Berhanu contends on appeal that the district court erred in granting defendants' summary judgment motions. We have reviewed these arguments and are satisfied that the district court properly granted summary judgment for defendants on all claims.

Therefore, we affirm for substantially the same reasons, as set forth by the district court in its thorough review of Berhanu's claims. *See Berhanu v. New York State Ins. Fund,* Nos. 91 Civ. 4956, 91 Civ. 6088, 93 Civ. 6891, 1999 WL 813437 (S.D.N.Y. Oct. 8, 1999).

For the reasons set forth above, the judgment of the district court is AFFIRMED.